[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12232

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:07-cv-02222-VMC-TGW

SHERRIE KAW,

                                        Plaintiff-Appellant,

versus

SCHOOL DISTRICT OF HILLSBOROUGH COUNTY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2011)

Before DUBINA, Chief Judge, HILL and EBEL,* Circuit Judges.

_____

*Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by
designation.

PER CURIAM:

Sherrie Kaw filed an employment discrimination suit against the School District of Hillsborough County claiming that she was wrongfully terminated from her position as a one-on-one teacher's aid, or educational support personnel (paraprofessional), pursuant to the Americans with Disability Act (ADA), Section 107(a), 42 U.S.C. § 12117, the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.11, and section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794. Upon completion of discovery, both parties moved for summary judgment.[1]

In 2009, the district court denied both parties' motions for summary judgment. It agreed, however, with the School District that, due to the infrequency of Kaw's fainting spells, and the effectiveness of her medications that controlled the episodes, that Kaw's condition "did not substantially limit a major life activity" for purposes of the ADA. *See* 42 U.S.C. § 12102(2); *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004). The fainting spells, therefore, were not an actual disability under the ADA. *See, e.g., Greer v. Sears, Roebuck & Co.*, 54 F.3d 776 (6th Cir. 1995) (plaintiff's vasovagal syncope did not

---

[1] Kaw suffered from a condition known as electrocardiogenic syncope or vasovagal syncope, which caused a reduction in her cerebral blood flow to the point where Kaw would lose consciousness, or faint. This condition caused her to faint twice during the 2005-2006 school year.

2

substantially limit a major life activity).[2]

The district court found, however, that there was a material issue of fact. Whether or not Kaw qualified under the ADA as having a disability was a jury question as to whether or not the School District perceived Kaw's nonlimiting impairment as "substantially limiting a major life activity." The case proceeded to jury trial.

In late October 2009, at the close of Kaw's case, the School District moved for judgment as a matter of law based upon insufficiency of the evidence. Fed.R.Civ.P. 50(a). The district court reserved ruling on the School District's Rule 50(a) motion, both then, and again at the close of the School District's case.

The jury returned a verdict in Kaw's favor awarding Kaw $4,000 in damages and $6,000 for emotional pain and mental anguish. Six months later, in mid-2010, the district court overturned the jury verdict. It held that a reasonable jury could not have found that the School District regarded Kaw as having an impairment that would be considered a disability for purposes of the ADA. *See* 42

---

[2] To prove that Kaw had a disability under the ADA, she had to prove one of the following: (1) a physical or mental impairment that substantially limits one or more of the major life activities; (2) a record of such an impairment; or (3) being "regarded as" having such an impairment. *See* 42 U.S.C. § 12102(2).

Under the third prong, if an employer perceives an individual as having a disability, but there is no factual basis for one, then the individual is considered to be disabled for purposes of the ADA, as long as the perceived impairment would substantially limit a major life activity. *See* *Carruthers*, 357 F.3d at 1216 (internal citations omitted).

U.S.C. § 12102(2). It granted the School District's Rule 50(a) motion.

We have reviewed the record on appeal, the briefs and the arguments of counsel at oral argument. We find that the undisputed facts establish that Kaw failed to show that the School District regarded her fainting episodes as an impairment sufficient to rise to the level of a disability for purposes of the ADA.[3]

We conclude that Kaw failed to carry her burden of proof. She did not present sufficient evidence to establish her case under the ADA. Kaw has failed to prove that the School District perceived her condition, *i.e.*, her ability to maintain consciousness without fainting, as "substantially limiting a major life activity."

Finding no error, we affirm the judgment of the district court granting the School District's Rule 50(a) motion, and concluding that the School District was entitled to judgment as a matter of law.

AFFIRMED.

---

[3] By so holding, therefore, we need not reach the alternative holding of the district court that her termination could also be justified by her failure to keep in proper communication with the School District during her absences.